■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RONALD MULLINEAUX, Appellant.— Appeal from a judgment of the County Court of Chenango County, rendered February 25, 1974, upon a verdict convicting defendant of the crime of burglary in the third degree. In the early evening of September 24, 1973, defendant and one Leland Cutting drove in defendant's truck to the Central New York Baptist Youth Camp with the purpose, according to Cutting's testimony, of breaking into it. After they arrived, Roscoe Smith and Donald Van Duser, attracted by the lights of the truck, drove into the camp area. They testified that they saw the defendant emerging from the broken window of one of the buildings. The defendant identified himself by exhibiting his driver's license. It was noted that his truck contained property from the camp. The defendant and Cutting then attempted to drive the truck out of the camp, but their escape was blocked when Smith placed his vehicle across the road. Defendant and Cutting then ran from the truck, threw some of the items they had taken into the lake, and escaped into the woods. On September 26, 1973, defendant was apprehended by the New York State Police in Binghamton between 3:30 and 4:30 P.M. He was taken to Greene to look for Cutting who had not been found, and then to the Norwich substation, where he assisted State Police in a search for Cutting, who he thought might have died in the woods. He was later interrogated until approximately 2:00 A.M., at which time he was arraigned. During his interrogation, he is alleged to have made an oral confession. We find no merit in defendant's assertion that the voluntariness of the confession was not proven beyond a reasonable doubt. The evidence at the Huntley hearing clearly supports the trial court's findings. Defendant argues that he was a victim of "psychological coercion" by virtue of the fact that he was held from 7:00 P.M. on September 26, 1974 until his arraignment between 2:00 and 3:00 A.M. on September 27, 1974. The testimony reveals that much of this time was spent in a search for Cutting under defendant's direction, and there is no other evidence that defendant, who had been advised of and had waived his rights, was subjected to coercion. Defendant's reliance on People v. Bowers (45 A D 2d 241) is misplaced. The Bowers case involved a defendant who was questioned for two and one-half days without the assistance of an attorney, despite his having made repeated requests for counsel. In the instant case, there is no evidence that defendant requested an attorney nor was he

interrogated for an excessively lengthy period of time. In our opinion, the evidence of defendant's guilt was convincingly established beyond a reasonable doubt. As to defendant's assertions that he was deprived of a fair trial, the record fails to support this claim. Likewise, we find nothing improper or prejudicial in the prosecutor's summation. No exceptions were taken by defense counsel to the court's charge to the jury, nor did he make any objection or protest (CPL 470.05). In any event, the instructions of the trial court as to the effect of intoxication under section 15.25 of the Penal Law were clear and concise and do not afford grounds for reversal. Finally, although we are of the opinion that the jury should have been instructed that the witness Cutting was defendant's accomplice, as a matter of law, failure to so charge was, under the circumstances here present, harmless error. No exception was taken, and the necessary corroboration is present not only in the testimonial evidence of disinterested witnesses but also in defendant's confession and trial testimony. (Cf. *People* v. *Lebovitz*, 31 A D 2d 960, affd. 26 N Y 2d 924.) The remainder of defendant's contentions have been examined and are found to be without merit. Judgment affirmed. Herlihy, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.